# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

(Filed: April 26, 2018)
No. 16-1155V

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LARRY MURPHY, *as the Executor* | * | UNPUBLISHED |
| *of the Estate of* LORIN MURPHY, | * | |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Chronic Inflammatory |
| v. | * | Demyelinating Polyneuropathy |
| | * | ("CIDP"); Influenza ("Flu") |
| SECRETARY OF HEALTH | * | Vaccine. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Debra Begley, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On September 16, 2016, Lorin Murphy[2] filed a petition for compensation under the National Vaccine Injury Compensation Program.[3] The petition alleges that Mr. Murphy developed chronic inflammatory demyelinating polyneuropathy ("CIDP") after receiving an influenza ("flu") vaccination on September 17, 2013. *See* Stipulation, ECF No. 34, at ¶¶ 1-4. Respondent denies that Mr. Murphy's alleged CIDP, or any other injury, was caused-in-fact or significantly aggravated by his flu vaccination. Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] Lorin Murphy died during the pendency of this claim and his brother was substituted as the petitioner on August 25, 2017. *See* Order granting Motion to Amend Case Caption, ECF No. 24. All references herein to petitioner refer to Larry Murphy. Petitioner does not allege that Lorin Murphy's death was vaccine-related.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. On April 25, 2018, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $55,000.00 in the form of a check payable to petitioner, Larry Murphy, as the executor of the estate of Lorin Murphy.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LARRY MURPHY**, as the Executor of the Estate of **LORIN MURPHY**,

Petitioner,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**,

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**No. 16-1155V**
SPECIAL MASTER ROTH

## STIPULATION

The parties hereby stipulate to the following matters:

1. Lorin Murphy filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to Lorin Murphy's receipt of the Influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Lorin Murphy received a flu immunization on September 17, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Lorin Murphy developed chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused-in-fact or, alternatively, significantly aggravated by a flu vaccine and that he experienced residual effects of this injury for more than six months.

---

[1] Lorin Murphy died during the pendency of this claim and his brother was substituted as the petitioner on August 25, 2017. All references herein to petitioner refer to Larry Murphy. Petitioner does not alleged that Lorin Murphy's death was vaccine-related.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages on Lorin Murphy's behalf as a result of his condition.

6.      Respondent denies that Lorin Murphy's alleged CIDP, or any other injury or his death, was caused-in-fact or significantly aggravated by his flu vaccination.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $55,000.00 in the form of a check payable to petitioner as the executor of the estate of Lorin Murphy.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he is currently authorized to serve as the executor of Lorin Murphy's estate under the law of the State of Ohio and he has filed a copy of his letters of authority with the Court. If petitioner is no longer authorized by a court of competent jurisdiction to serve as the executor of Lorin Murphy's estate at the time payment pursuant to this stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the executor of the estate of Lorin Murphy upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as the executor of Lorin Murphy's estate, on behalf of himself, Mr. Murphy's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Lorin Murphy resulting from, or alleged to have resulted from, a flu vaccination administered on September 17, 2013, as alleged in a petition for

3

vaccine compensation filed on or about September 16, 2016, in the United States Court of Federal Claims as petition No. 16-1155V.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Lorin Murphy's alleged CIDP, or any other condition or his death, was caused-in-fact or significantly aggravated by his flu vaccination.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as executor of Lorin Murphy's estate.

END OF STIPULATION

/
/
/
/

Respectfully submitted,

PETITIONER:

_____
LARRY MURPHY

ATTORNEY OF RECORD FOR
PETITIONER:

_____
MARK T. SADAKA
Sadaka Associates, LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
(201) 266-5670

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: April 2, 2018
DFB

5