# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 16-1155V
Filed: February 8, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
LARRY MURPHY, as the Executor of       *      UNPUBLISHED
the Estate of LORIN MUPRHY,            *
                                       *
            Petitioner,                *      Decision on Attorneys' Fees and Costs
v.                                     *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Debra Begley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 16, 2018, Lorin Murphy[2] filed a petition for compensation under the National Vaccine Injury Compensation Program.[3] The petition alleges that Mr. Murphy developed chronic inflammatory demyelinating polyneuropathy ("CIDP") after receiving an influenza ("flu")

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] Lorin Murphy died during the pendency of this claim and his brother was substituted as the petitioner on August 25, 2017. See Order granting Motion to Amend Case Caption, ECF No. 24. All references herein to petitioner refer to Larry Murphy. Petitioner does not allege that Lorin Murphy's death was vaccine-related.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccination on September 17, 2013. Petition ("Pet."), ECF No. 1. On April 26, 2018, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulations. Decision, ECF No. 35.

On October 17, 2018, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 39. Petitioner requested attorneys' fees in the amount of $20,485.66 and attorneys' costs in the amount of $2,897.83, for a total amount of $23,383.49. Motion for Fees, Ex. A, at 16, 18.

On October 31, 2018, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 40. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Petitioner filed a reply on November 1, 2018, stating that his "request is reasonable based on the longevity of this case and the investigation that was required after…Mr. Murphy died during the pendency of this litigation." Reply at 1, ECF No. 41.

On January 18, 2019, petitioner filed a Motion to Strike his Motion for Fees, explaining that the motion did not separate the costs incurred by petitioner personally from the costs incurred by petitioner's counsel. Motion to Strike at 1, ECF No. 42. Petitioner's Motion to Strike was granted. ECF No. 43. On January 24, 2019, petitioner filed an Amended Motion for Attorneys' Fees ("Am. Mot."), requesting attorneys' fees in the amount of $20,485.66 and attorneys' costs in the amount of $1,458.25, for a total of $21,943.91.[4] Am. Mot. at 1, ECF No. 44. In accordance with General Order #9, petitioner's counsel represented that petitioner incurred $1,439.59 in out-of-pocket expenses. *Id*. at 1-2. Respondent did not file a response to petitioner's Amended Motion. Therefore, respondent's position taken following the original Motion filed is relied upon herein.

This matter is now ripe for decision.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id*.; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y*

---

[4] A detailed review of petitioner's Amended Motion indicates that the total amount of fees and costs increased by $0.01 from the original Motion. This appears to be have been due to a mathematical error in the original application; accordingly, the undersigned will not reduce petitioner's award of fees and costs by the one-cent difference.

*of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.      Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

Mr. Sadaka practices in Englewood, NJ, and has previously been awarded forum rates. *See, e.g., Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355 at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018)(collecting cases). The requested hourly forum rates are consistent with

---

[5] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited January 15, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited January 15, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

the rates previously found to be reasonable in cases involving petitioner's counsel and his staff. Therefore, the undersigned finds the requested rates to be reasonable.

## B.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the number of hours expended in this matter appears to be reasonable. Accordingly, $20,485.66 is awarded in attorneys' fees.

## C.  Reasonable Costs

Petitioner requested a total of $1,458.25 in attorneys' costs. Am. Mot., Ex. A, at 18. The requested costs consist of $818.86 in costs associated with obtaining medical records, the $400 Vaccine Program filing fee, and $221.70 in probate court fees. *Id.* The undersigned finds petitioner's requested costs to be reasonable.

## D.  Petitioner's Costs

Petitioner requested $1,439.59 in reimbursement for out of pocket expenses. Am. Mot., Ex. C, at 1. The requested costs are associated with the appointment of Larry Murphy as representative of the estate following the death of Lorin Murphy during the pendency of this matter. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $23,383.50[6] as follows:**

- **A lump sum of $21,943.91** representing reimbursement for attorneys' fees in the amount of $20,485.66 and costs in the amount of $1,458.25 in the form of a check made payable jointly to petitioner and petitioner's counsel, Mark Sadaka, Esq., and

- **A lump sum of $1,439.59** in the form of a check made payable solely to petitioner, Larry Murphy.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.